2010 BNH 023

___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                  Bk. No. 05-15295-MWV
                                                                                                              Chapter 7
Howard J. Wunderlich,
         Debtor

*James Moran, Creditor*
*Pro se*

*Michael S. Askenaizer, Esq.*
*Chapter 7 Trustee*

## MEMORANDUM OPINION

The Court has before it the Third Application of the Chapter 7 Trustee, Michael S. Askenaizer, for Interim Commission and Reimbursement of Expenses (the "Third Application").

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND AND DISCUSSION

The Third Application was filed on July 22, 2009, and after several continuances, a hearing was held on October 19, 2009.  The Court believed that this case would be closed prior to the present time, and this ruling would be made in connection with a final report, but now believes it is time to rule on the Third Application.

James Moran, a creditor holding over ninety percent of the claims in the case, objected to the trustee's request for an additional $10,000 and expenses of $228.47.  The Court has previously awarded

the trustee interim commissions totaling $7,500 and $119.69 in expenses. Based on receipts in the case, the maximum commission allowable is $21,040.23.

This has been an unusual case. Mr. Moran is the holder of a large legal malpractice award against the Debtor, who is or was a lawyer practicing in New York. Mr. Moran, who is *pro se*, has spent numerous hours investigating the assets of the Debtor and is responsible for obtaining a significant amount of the assets in the case. Mr. Moran argues that it was his effort that produced the assets in the estate, which, to a large extent, is true. It is also important to note that this was done in his own self-interest. To date, he has received over fifty percent of his claim in distributions from the estate. Because of his efforts, he argues that the trustee should not receive the maximum commission allowed by the statute. He further argues that, at the time of the application for the second interim commission, the trustee agreed to an additional $3,500, and not much has changed entitling him to an additional $10,000. The trustee denies that he agreed to only accept the $3,500, but reserved the right to request an additional commission. After reviewing the excerpts of the hearing on the second application for an interim commission, which were included in Mr. Moran's objection, the Court agrees with the trustee—that there was no agreement to cap his commission at $7,500, which would be the total after the second interim allowance.

The Court does agree with Mr. Moran that based on the history of the case, the maximum commission should not be awarded. The Court realizes that, even with Mr. Moran's efforts, the trustee has a considerable amount of time invested in this case. His Third Application showed 78.80 hours invested through June 29, 2009. Since that time, additional hours have been expended which include several hearings in court. Taking all of the above into consideration, the Court finds that two-thirds of the maximum commission is a fair award to the trustee. Based on the maximum of $21,040.23, that computes to $14,025. The trustee having received $7,500 to date, the Court awards as the third interim commission the sum of $6,525 plus the expenses requested of $228.47.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 2nd day of July, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge